**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000066
27-APR-2015
07:59 AM**

NO. CAAP-13-0000066

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARIO MANDELL SOBALA, Petitioner-Appellant, v.
STATE OF HAWAI'I, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 12-1-0057; CRIMINAL NOS. 04-1-0043,
04-1-0955, 06-1-2266, AND 07-1-0876)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Mario Mandell Sobala (**Sobala**) appeals from the Order Denying and Dismissing Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody; Notice of Entry (**Order Denying Petition**), which was entered on January 2, 2013, by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Sobala was charged with various counts in Criminal Nos. 04-1-0043, 04-1-0955, 06-1-2266, and 07-1-0876. In 2005, Sobala was convicted in the earlier two cases and sentenced to probation. In 2007, the State moved to revoke probation and Sobala was arrested.

On January 2, 2008, Sobala filed a motion for supervised release in all four cases. On January 18, 2008, Sobala pled guilty in the latter two cases and, on the same day,

---

[1]     The Honorable Karen S.S. Ahn presiding.

his probation was revoked in the earlier two cases. On January 24, 2008, the Circuit Court entered an order setting aside Sobala's bail and establishing terms and conditions of release in all four cases.

On March 11, 2008, the State filed a motion for sentencing of a repeat offender in the latter two cases and a motion for consecutive term sentencing in Criminal No. 07-1-0876.

In June of 2010, the State moved for revocation of Sobala's supervised release.

On August 2, 2010, Sobala was resentenced in Criminal Nos. 04-1-0043 and 04-1-0955, and sentenced in Criminal Nos. 06-1-2266 and 07-1-0876. Of particular significance to the issues on this appeal, on August 24, 2010, in Criminal No. 06-1-2266, the Circuit Court sentenced Sobala as a repeat offender, pursuant to Hawaii Revised Statutes (HRS) HRS § 706-606.5 (2014), to a mandatory minimum term of imprisonment of three years and four months. In addition, on August 24, 2010, in Criminal No. 07-1-0876, after considering the factors set forth in HRS § 706-606 (2014), and pursuant to HRS § 706-668.5 (2014), the Circuit Court ordered that a consecutive sentence was warranted and necessary to reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from further crimes of Sobala. In Criminal No. 07-1-0876, the Circuit Court also sentenced Sobala as a repeat offender based on his earlier convictions in Criminal Nos. 04-1-0043 and 04-1-0955.

On October 23, 2012, Sobala filed a petition pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40, contending that his consecutive mandatory mininum sentences were illegal and that he received ineffective assistance of counsel. Sobala's petition was denied.

On appeal, Sobala contends that: (1) the Circuit Court erred when it dismissed his petition without first considering his reply brief; (2) under the circumstances of this case, the Circuit Court erred when it imposed a mandatory term of imprisonment in Criminal No. 07-1-0876 to run consecutive to the

mandatory minimum term imposed in Criminal No. 06-1-2266; and (3) he received ineffective assistance of counsel because his counsel failed to recognize, advise him of, and object to the purportedly illegal sentence.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant rules, statutes, and case law, we resolve Sobala's points of error as follows:

(1) The Circuit Court did not err by failing to consider Sobala's Reply Brief. Sobala points out that the Order Denying Petition specifically referenced the Petition and Answer but not his Reply Brief when denying the Petition. Thus, Sobala claims that the Circuit Court failed to consider his Reply Brief before denying the Petition. HRPP Rule 40 does not allow for a reply brief to be filed. In addition, the Order Denying Petition also stated that the Circuit Court reviewed "the files and records herein." The Reply Brief was part of the court files at the time it issued the Order Denying Petition. Accordingly, we conclude that Sobala's assertion of error is without merit.

(2) Citing State v. Shamblin, Nos. 29314 and 29315, 2011 WL 822656 (Haw. App. Mar. 9, 2011) (mem.), 2011 WL 822656 (Hawaii App.), Sobala contends that the imposition of mandatory minimum sentences in Criminal Nos. 06-1-2266 and 07-1-0876, pursuant to HRS § 706-606.5, was improper because he did not have two prior convictions. Sobala notes that the sentences for both Criminal Nos. 06-1-2266 and 07-1-0876 were issued at the same time, thus, the convictions in either one cannot be considered a "prior" conviction to the other in order to satisfy HRS § 706-606.5.

Sobala, citing State v. Cornelio, 84 Hawai'i 476, 935 P.2d 1021 (1997), also claims that HRS § 706-606.5 prohibits imposition of consecutive mandatory minimum sentences in this case. Sobala relies upon the portion of HRS § 706-606.5(5) which states: "The sentencing court may impose the above sentences consecutive to any sentence imposed on the defendant for a prior

conviction, <u>but such sentence shall be imposed concurrent to the sentence imposed for the instant conviction</u>." (emphasis added).

In this case, Sobala's convictions in Criminal Nos. 06-1-2266 and 07-1-0876 were entered at the same time. However, the Circuit Court relied upon Sobala's two prior convictions in Criminal Nos. 04-1-0043 and 04-1-0955 to satisfy the requirements of HRS § 706-606.5. Thus, <u>Shamblin</u> is inapplicable. <u>Shamblin</u>, 2011 WL 822656 at *6.

<u>Cornelio</u> held that "HRS § 706-606.5 divests a sentencing court of the authority to impose consecutive mandatory minimum periods of imprisonment on a defendant <u>convicted of multiple felony counts charged in the same indictment or complaint</u>." <u>Cornelio</u>, 84 Hawai'i at 494, 935 P.2d at 1039 (emphasis added). In this case, Sobala's convictions in Criminal Nos. 06-1-2266 and 07-1-0876 stemmed from different felony information charges. Thus, <u>Cornelio</u> is not applicable and HRS § 706-606.5(5) did not prohibit the Circuit Court from imposing consecutive mandatory minimum sentences in this case. Sobala's sentencing fell within the general sentencing statute of HRS § 706-668.5 which allows for imposition of concurrent or consecutive terms of imprisonment, upon consideration of the factors set forth in HRS § 706-606. For these reasons, we conclude that Sobala's consecutive mandatory minimum sentences were not illegal.

(3) As we have concluded that his sentences were not illegal, Sobala's trial counsel did not provide ineffective assistance of counsel by failing to inform Sobala that his sentence was illegal.

Therefore, the Circuit Court's January 2, 2013 Order Denying Petition is affirmed.

DATED: Honolulu, Hawaiʻi, April 27, 2015.

On the briefs:

Mario Mandell Sobala
Petitioner-Appellant Pro Se

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge